Green, J.,
delivered the opinion of the court.
This is an action on the case, to recover the sum of $294 60, the amount the plaintiff alleges he paid to the defendant for two executions in favor of B. S. Cardwell against Green Proctor, which the plaintiff below alleges the defendant warranted to be justly due, and that all litigation in relation to them was ended, when in fact the said litigation was not ended, but a bill in equity was died by one Fielding Kitrell against said Cardwell, Proctor, and the plaintiff, and in said suit it was decreed that said Fielding Kitrell, and not said Cardwell was entitled to said money.
On the trial the plaintiff proved by Welch, and by Critten-den that the defendant offered to sell them said executions in favor of Cardwell against Proctor, and said he must sell the claims as he was obliged to have the money, that the suit was ended, and there would be no further litigation or difficulty about it.
The defendant objected to the testimony of these witnesses, but the objection was 'overruled, to which the defendant excepted.
In the progress of the trial the defendant offered B. S. Cardwell, and proposed to prove by him that in making the sale of the executions he was acting as the agent of said Cardwell, and that the representations made by him were au-thorised by Cardwell. The plaintiff objected to the examination of this witness on the ground that he was interested in the suit; which objection was sustained by the court, and the witness was rejected; to which opinion of the court the defendant excepted.
The court charged the jury in substance, that where an agent discloses the fact of his agency, makes no false, or fraud *258 ulent representations and conforms in his conduct to the instructions of his principal, his acts are the acts of the principal, who alone would be liable. But if without authority from the principal, the agent made false representations or warranted the goodness of the thing sold, he would be liable and not the principal. If the defendant was the agent of Cardwell to sell the claims spoken of, and no more, and if he then made statements to the plaintiff orto the plaintiff’s agent when he sold the claims, which warranted their solvency, or that were false, and thereby induced the plaintiff to purchase them, he would be liable to the plaintiff on the warranty, and for the fraud. An opinion expressed by the agent of the solvency or goodness of claims, or that there would be no further difficulty about them, if made in good faith and not intended to mislead, would not be a warranty or fraud, though the claim should turn out to be worthless. Any expressions that showed the party intended to warrant the goodness of the thing sold, would make him liable, no matter what the impressions were, if it was intended to represent the claims as good, and the purchaser acted upon those representations and purchased, the seller would be liable on the warranty.
Any statements or opinions about the goodness or solvency of the claims, made in good faith by the defendant to the plaintiff, which were relied on by the plaintiff, and were the inducement to purchase, and without which he would not have purchased, would amount to a 'warranty, and the jury must decide whether these statements were such that a warranty was intended. If the defendant knew that the claims were liable to further contest or litigation, he was bound, in good faith to disclose his knowledge, and if he sold them without such disclosure, he would be liable, whether he acted according to the instructions-of his principal or not.
The jury found for the plaintiff, and the defendant moved *259 for a new trial, which was refused, and he appealed in error, to this court.
1. It is contended, that the witnesses Welch and Critten-den, should not have been permitted to speak of the executions sold by the defendant, but that the record should have been produced.
We do not think the evidence of these witnesses illegal. They say the defendant offered to sell them two executions in favor of Cardwell vs. Proctor, for about $325. This fact would not be established by the production of the record. Had the record been before the court, the witnesses would have been called to prove the same thing, and must have made the same statement. They could not detail the fact of the offer to sell, vyithout speaking of the thing to be sold, and in doing so, no rule of evidence is violated.
2. The plaintiff in error insists that the court erred, in rejecting the evidence of B. S. Cardwell, and so we think. Cardwell could have no possible interest in testifying in favor of the defendant who had called him. If the defendant was the agent of Cardwell, and was authorised by him to make the representations which he did make, and he acted in good faith, then the defendant would not be liable, but Cardwell, the principal, would alone be liable. It is very clear therefore, that if Cardwell were to testify to these facts, and the defendant were thereby to succeed in this suit, Cardwell would be liable to the plaintiff, a liability brought on him by his own testimony. And if he is willing thus to testify against his interest, the plaintiff has no right to object. But in no event could the record of this suit be used for the benefit of Card-well, in any future litigation against him. We therefore think he is a competent witness, and that in excluding him the court erred.
3. It has been earnestly contended that the court erred in telling the jury, that if the defendant was an agent to sell the *260 claims and no more, and lie then made a warranty of them, he alone would be liable. It is insisted that an agency to sell, confers on the agent the incidental power to warrant the thing sold.
We do not think this principle has application to the case before us. As a general proposition, it is true, that when an agency is created to do a thing, the power is incidentally conferred, to do such other things as may be necessary for carrying into effect the objects of the agency. And if an agency exist, in any trade or business, the custom of which is to exercise certain powers in carrying the agency into effect, then the creation of the agency confers the right on the part of the agent to act in reference thereto, according to such custom.
But in this case, no right to guarantee these claims could be implied, from an agency to sell them. Such guaranty does not fall within either of the rules above stated. It is not a necessary incident to the power to sell; nor is it a business, in which the power is conferred by a known custom thereby, so to act. We think there is no error in this part of the charge.
4, The paragraph of the instruction to the jury, in which the judge says, that opinions of the defendant, made in good faith, but which were relied on by the plaintiff, and were the inducement to the purchase, would amount to a warranty, and the jury must decide whether a warranty was intended, is framed very loosely, and might mislead the jury. Without the concluding statement, that “the jury must decide whether a warranty was intended,” this paragraph would be erroneous, and so with that addition, it is somewhat ambiguous, and calculated to mislead.
As to the other portions of the charge to the jury, we think there is no error.
Reverse the judgment and remand the cause.